The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Decision and Order.
 ***********
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At all times relevant to this claim, Mary Lu Rogers was acting within the course and scope of her employment with defendant, an agency of the State of North Carolina.
The following documents were admitted into evidence at the Deputy Commissioner hearing:
 A Waiver of Hearing and Plea of Guilty, dated 19 May 1997, marked as Defendants Exhibit Number one.
 The Record of Hearing, dated 19 May 1997, marked as Defendants Exhibit Number two.
 An Offense and Disciplinary Report, marked as Defendants Exhibit Number three.
 An Incident Investigation Report, dated 12 May 1997, marked as Defendants Exhibit Number four.
 An Office Memorandum to Mary Lu Rogers, dated 18 February 1997, marked as Defendants Exhibit Number five.
 An Office Memorandum to Edeth Hodnett, dated 14 February 1997, marked as Defendants Exhibit Number six.
 An Out-of-State Transfer Manifest, dated 7 April 1997, marked as Defendants Exhibit Number seven.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional
 FINDINGS OF FACT
1. Plaintiff at all times relevant to this claim was an inmate in the custody of the North Carolina Department of Correction.
2. The North Carolina Department of Correction is under contract with privately owned correctional facilities in several other states to house North Carolina inmates.
3. Plaintiff alleges that on 8 May 1997, while housed in a correctional facility in Mason, Tennessee, plaintiff received a cut over his right eye that was inflicted upon him by a North Carolina inmate assigned to his cell. Plaintiff further alleges mental anguish as a result of sharing a cell with this individual.
4. Plaintiff alleges that the State of North Carolina Department of Correction, and specifically Mary Lu Rogers, were negligent in transferring plaintiffs cellmate, an allegedly mentally ill inmate, to the Tennessee facility.
5. Mary Lu Rogers was a Program Director III for the Division of Prisons at the time of transfer of the inmates involved in the events giving rise to this claim. Her duties included administering the transfer of inmates and managing the screening of inmates for any contraindications to transfer. A three-step medical review process is utilized to determine whether transfer of an inmate is appropriate. Ms. Rogers testified that the three-step procedure was followed in authorizing the transfer of Jeffery Hunter. Defendants Exhibits five through seven are found to substantiate satisfaction of Ms. Rogers responsibility to obtain medical approval for this inmates transfer.
6. Plaintiff avers that on 8 May 1997 he was in his cell with cellmate Jeffery Hunter. Hunter asked to borrow his mirror. When plaintiff asked for the return of the mirror, Hunter became upset and cut plaintiff with a razor. Plaintiff defended himself by stabbing Hunter in the eye. Plaintiff was "written up for his actions.
7. Plaintiff testified that he had observed no incidences of violence involving his cellmate Jeffery Hunter prior to the fight giving rise to this claim.
8. Plaintiff pled guilty to a Department of Correction "A-10 charge against plaintiff for assaulting inmate Hunter in the prison facility in Tennessee related to this incident. Plaintiff waived appeal of this action. Plaintiff was disciplined for this incident in accordance with defendants policies.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
Plaintiff has failed to prove by testimony or other credible evidence any negligence on the part of Mary Lu Rogers, the named party.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Plaintiffs motion to review in camera medical records of the inmate who allegedly injured him is DENIED. Such a review is irrelevant given that plaintiff has failed to prove negligence on the part of the allegedly negligent employee. Regardless of what these medical records might show, the evidence shows that all procedures were followed and the transfer of the inmate in question to the facility in Tennessee was not negligent.
2. Plaintiffs motion for sanctions pursuant to Rule of Civil Procedure 37 is also denied. Plaintiff has failed to prove that defendant had possession of and failed to produce relevant documents.
3. Plaintiffs claim must be, and hereby is, DENIED.
4. Each party shall bear its own costs.
This is the ___ day of March, 2001.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER